IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| K.R., a minor, by and through Her Mother And Next Friend, Shreze Johnson, and Shreze Johnson, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> OSF Healthcare System d/b/a Saint Francis Medical Center, Bradley Nitzsche. M.D., Michael Leonardi, M.D., Douglas C. Harrington, M.D., S.C., an Illinois Corporation, Douglas C. Harrington, M.D., Best Care for Women, Inc., Anthony J. Caruso, M.D., Heartland Community Health Clinic, and Carolyn Calhoun, C.N.M., <br><br> Defendants. | Civil No. 18- <br><br><br><br><br><br><br> (Formerly Case No. 17-L-306 of the Tenth Judicial Circuit, Peoria County, Illinois) |

## Notice of Removal

The United States of America, on behalf of Defendants Heartland Community Health Clinic and Carolyn Calhoun, C.N.M., by Kimberly A. Klein, Assistant United States Attorney for the Central District of Illinois, states the following:

1.      Shreze Johnson ("Plaintiff"), individually and on behalf of K.R., a minor, has filed medical malpractice claims against a variety of defendants in a civil case currently pending in the Circuit Court for the Tenth Judicial District in Peoria County, Illinois, in Case No. 17-L-306. Defendants Carolyn Calhoun, C.N.M., and Heartland Community Health Clinic are two of the named defendants in the Peoria County case.

1

2.  Copies of all process, pleadings, and orders served on, filed by, or received by Defendants Calhoun and Heartland Community Health Clinic are attached to this Notice of Removal as Exhibit A.

3.  This action is being removed to the United States District Court for the Central District of Illinois because it asserts tort claims against a federally funded community health center and employee. The United States Attorney has certified that Defendants acted within the scope of their employment at the times relevant to this lawsuit. As a result, Defendants have an automatic right to remove this action at any time before trial. The statutory authority for removal is set forth below.

4.  Removal of claims against federal agencies and employees is governed by the Federal Employees Liability Reform and Tort Compensation Act of 1988. Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified in part in various subsections of 28 U.S.C. §§ 2671; 2674; 2679) ("Liability Reform Act"). The Liability Reform Act's removal provision provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, **any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial** by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2) (emphasis added).

5.  Before filing this notice of removal, the Attorney General's designee certified that at the time of the incidents complained of, Ms. Calhoun was acting within the scope of her employment as a Certified Nurse Midwife at Heartland Community Health Clinic. The Attorney General's designee also certified that Heartland Community Health Clinic was a federally funded

healthcare agency deemed to be operating as a Public Health Service employee. The Certification is attached as Exhibit B.

6. Under the Liability Reform Act, the Certification is dispositive for purposes of removal and conclusively establishes federal district court jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 242 ("For purposes of establishing a forum to adjudicate the case, . . . § 2679(d)(2) renders the Attorney General's certification dispositive."); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 897 (7th Cir. 2007). The scope of certification may be subject to judicial review for purposes of substitution after removal. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995); *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991).

7. As a result, the Certification has the automatic legal consequence of effecting removal of the case from state to federal court. 28 U.S.C. § 2679(d)(2). The sole test for whether removal in this situation is proper is whether the Attorney General has certified that the defendant acted within the scope of his/her employment. If the Attorney General certifies that the defendant acted within the scope of his/her employment, the case may be automatically removed to federal court. *Id.*, *Osborn*, 549 U.S. at 242; *see generally Taboas v. Mlynczak*, 149 F.3d 576, 579 n.1 (7th Cir. 1998); *Thompson v. Wheeler*, 898 F.2d 406, 409-10 (3d Cir. 1990) (a defendant need not allege a separate federal defense to affect removal under the Liability Reform Act).

8. Thus, because the Attorney General's designee has certified that Ms. Calhoun and Heartland Community Health Clinic were acting within the scope of their employment at the times relevant to the complaint, automatic removal of this case to federal district court is proper pursuant to 28 U.S.C. § 2679(d)(2).

9. Defendant also notes that the Liability Reform Act amended the Federal Tort Claims Act (28 U.S.C. § 1346(b); 2671-2680 (1988)), to provide federal employees with absolute immunity from suit on state law tort theories. 28 U.S.C. § 2679(d)(2); *United States v. Smith*, 499 U.S. 160, 166 (1991). The Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), also provides that federally-funded health centers and their employees are also absolutely immune from civil actions resulting from the performance of medical functions. 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.").

10. Because the Attorney General's designee has certified that Heartland Community Health Clinic is a federally funded health center for the events at issue in this case and Ms. Calhoun was an employee acting within the scope of her employment at the times relevant to the complaint, Heartland Community Health Clinic and Ms. Calhoun are absolutely immune from suit.

11. Consequently, after removal, the United States of America will move to be substituted as the named party defendant in place of Heartland Community Health Clinic and Ms. Calhoun, pursuant to 28 U.S.C. §§ 1346(b)(1), 2671, 2674, and 2679(b)(1).

Wherefore, Defendants, Heartland Community Health Clinic, a federally funded community health center for the events at issue in this case, and Carolyn Calhoun, C.N.M., acting within the scope of her employment as an employee of Heartland Community Health Clinic for the events at issue in this case, as well as the United States of America, request that the above-captioned action, pending in the Illinois Circuit Court for the Tenth Judicial District, Peoria, Illinois, be removed pursuant to 28 U.S.C. § 1442 and U.S.C. § 2679.

    Respectfully submitted:

    JOHN E. CHILDRESS
    *United States Attorney*

By:    S/ Kimberly A. Klein

    _____
    Kimberly A. Klein, IL Bar No. 6230077
    Assistant United States Attorney
    United States Attorney's Office
    211 Fulton Street
    Peoria, IL  61602
    Telephone:  309-671-7050
    Fax:  309-671-7259
    Email:  kimberly.klein@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, counsel on behalf of the United States of America electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and I hereby certify that true and accurate copies of said pleading have been served on the parties by depositing a copy thereof in the United States Mail on January 26, 2018, postage prepaid, addressed to:

SALVI, SCHOSTOK & PRITCHARD, P.C.
Mr. Aaron D. Boeder, Attorney for Plaintiffs
22 W. Washington Street, Ste. 1600
Chicago, IL 60602

KAVANAGH, SCULLY, SUDOW, WHITE
& FREDERICK, P.C.
Mr. Robert C. Gates, Attorney for Defendants
Heartland Community Health Clinic and Carolyn Calhoun
301 SW Adams St., Ste. 700
Peoria, IL 61602

LIVINGSTON LAW FIRM
Mr. Christopher Nyweide
Attorney for Defendant Douglas Harrington
115 W. Jefferson St., Ste. 400
Bloomington, IL 61701

HINSHAW & CULBERTSON, LLP
Ms. Rhonda Ferrero-Patten, Attorney for
Defendants OSF Healthcare System, Bradley
Nitszche, M.D., and Michael Leonardi, M.D.
222 N. LaSalle St., Ste. 300
Chicago, IL 60601

SHAPIRO, KREISMAN & ASSOC., LLC
Ms. Mallory Snyderman
2121 Waukegan Rd., Ste. 301
Bannockburn, IL 60015

    S/ Kimberly A. Klein
    Kimberly A. Klein
    Assistant United States Attorney