E-FILED
Friday, 26 January, 2018  02:28:31 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT PEORIA COUNTY, ILLINOIS

| | |
|---|---|
| K.R.          , a Minor, by and through<br>Her Mother and Next Friend, SHREZE JOHNSON,<br>and SHREZE JOHNSON, Individually, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2017 L 00306 ) |
| OSF HEALTHCARE SYSTEM, an Illinois<br>Corporation d/b/a SAINT FRANCIS MEDICAL<br>CENTER, BRADLEY NITZSCHE, M.D.,<br>MICHAEL LEONARDI, M.D., DOUGLAS C.<br>HARRINGTON, M.D., S.C., an Illinois Corporation,<br>DOUGLAS C. HARRINGTON, M.D., BEST CARE<br>FOR WOMEN INC., an Illinois Corporation,<br>ANTHONY J. CARUSO, M.D., HEARTLAND<br>COMMUNITY HEALTH CLINIC, an Illinois<br>Corporation, and CAROLYN CALHOUN, C.N.M., | ) ) ) ) ) PLEASE SERVE: ) ) Heartland Community Health Clinic ) c/o Registered Agent: ) Amira L. Vicari Hills ) 411 Hamilton Blvd. ) Suite 1400 ) Peoria, IL 61602 |
| Defendants. | ) ) |

SUMMONS

To Each Defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, Peoria County Courthouse, 324 Main Street, Peoria, Illinois, within 30 days after service of this summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than 30 days after its date

WITNESS _____11/9/2017_____, 20____

_Robert M Spears_

CLERK OF COURT

(Seal of the Court)

BY: _____MA_____

DEPUTY

*(seal: CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF PEORIA COUNTY ILLINOIS  SEAL)*

Aaron D. Boeder (ARDC #6302427)
SALVI, SCHOSTOK & PRITCHARD, P.C.
22 W. Washington Street, Suite 1600
Chicago, Illinois 60602
(312) 372-1227

EXHIBIT A

FILED
ROBERT M. SPEARS
10/31/2017 1:09 PM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

### IN THE CIRCUIT COURT OF THE
### TENTH JUDICIAL CIRCUIT PEORIA COUNTY, ILLINOIS

K.R.              , a Minor, by and through )
Her Mother and Next Friend, SHREZE JOHNSON, )
and SHREZE JOHNSON, Individually, )
                                  )
      Plaintiffs, )
                                  )
      v. )                         No. 17-L-00306
                                  )
OSF HEALTHCARE SYSTEM, an Illinois )
Corporation d/b/a SAINT FRANCIS MEDICAL )
CENTER, BRADLEY NITZSCHE, M.D., )          THIS CASE IS SET FOR A MANAGEMENT CONFERENCE
MICHAEL LEONARDI, M.D., DOUGLAS C. )       ON 04/13/2018@9AM        IN COURTROOM 13/214
HARRINGTON, M.D., S.C., an Illinois Corporation, )   OF THE PEORIA COUNTY COURTHOUSE.
DOUGLAS C. HARRINGTON, M.D., BEST CARE )   IF THE DEFENDANT(S) ANSWERS(S) MORE THAN 35 DAYS
FOR WOMEN INC., an Illinois Corporation, )  BEFORE THIS DATE, THEN THE PARTIES SHALL
ANTHONY J. CARUSO, M.D., HEARTLAND )       SCHEDULE A CASE MANAGEMENT CONFERENCE WITHIN
COMMUNITY HEALTH CLINIC, an Illinois )     25 DAYS OF THE DATE THE ANSWER'S PLED
Corporation, and CAROLYN CALHOUN, C.N.M., )
                                  )
      Defendants. )

### COMPLAINT AT LAW

NOW COME the Plaintiffs, **K.R.**              , a Minor, by and through Her Mother and

Next Friend, SHREZE JOHNSON, and SHREZE JOHNSON, Individually, by and through their

attorneys, SALVI, SCHOSTOK & PRITCHARD, P.C., and complaining of Defendants, OSF

HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL

CENTER, BRADLEY NITZSCHE, M.D., MICHAEL LEONARDI, M.D., DOUGLAS C.

HARRINGTON, M.D., S.C., an Illinois Corporation, DOUGLAS C. HARRINGTON, M.D.,

BEST CARE FOR WOMEN INC., an Illinois Corporation, ANTHONY J. CARUSO, M.D.,

HEARTLAND COMMUNITY HEALTH CLINIC, an Illinois Corporation, and CAROLYN

CALHOUN, C.N.M., state as follows:

## GENERAL ALLEGATIONS

1.      On or around March 22, 2017, and at all times material, Shreze Johnson lived in Peoria, Peoria County, Illinois.

2.      Shreze Johnson is the mother of  K.R.

3.      On or around March 22, 2017, and at all times material, OSF Healthcare System ("OSF") was an Illinois corporation, licensed to do business in Illinois, operating a hospital as Saint Francis Medical Center, located at 530 Northeast Glen Oak Avenue, Peoria, Peoria County, Illinois.

4.      On or around March 22, 2017, and at all times material, OSF provided certain facilities, including but not limited to, labor and delivery rooms for patients, including Shreze Johnson and  K.R.

5.      On or around March 22, 2017, and at all times material, OSF held itself out to the general public to be a provider of medical, nursing, and hospital services.

6.      On or around March 22, 2017, and at all times material, OSF employed certain personnel, including but not limited to, physicians, residents, nurses, and other hospital personnel, who provided medical, hospital, and nursing services to Shreze Johnson during her pregnancy, labor, and delivery of l  K.R.

7.      On or around March 22, 2017, and at all times material, Douglas C. Harrington, M.D., S.C. ("Harrington Corporation") was an Illinois corporation, licensed to do business in Illinois, operating a medical business with its registered address as 2709 Broadway in Pekin, Tazewell County, Illinois.

8.      On or around March 22, 2017, and at all times material, Harrington Corporation provided labor and delivery services for patients, including Shreze Johnson and  K.R.

2

9.    On or around March 22, 2017, and at all times material, Harrington Corporation held itself out to the general public to be a provider of obstetrics & gynecology services.

10.    On or around March 22, 2017, and at all times material, Harrington Corporation employed certain personnel, including physicians, who provided obstetrical services to Shreze Johnson during her pregnancy, labor, and delivery of K.R.

11.    On or around March 22, 2017, and at all times material, Best Care for Women Inc. ("Best Care") was an Illinois corporation, licensed to do business in Illinois, with its registered address as 200 East Randolph Street, Suite 5100, in Chicago, Cook County, Illinois.

12.    On or around March 22, 2017, and at all times material, Best Care provided labor and delivery services for patients, including Shreze Johnson and K.R.

13.    On or around March 22, 2017, and at all times material, Best Care held itself out to the general public to be a provider of obstetrics & gynecology services.

14.    On or around March 22, 2017, and at all times material, Best Care employed certain personnel, including physicians, who provided obstetrical services to Shreze Johnson during her pregnancy, labor, and delivery of K.R.

15.    On or around March 22, 2017, and at all times material, Heartland Community Health Clinic ("Heartland") was an Illinois corporation, licensed to do business in Illinois, located at 2321 North Wisconsin Avenue, Peoria, Peoria County, Illinois.

16.    On or around March 22, 2017, and at all times material, Heartland provided nurse midwifery services for patients, including Shreze Johnson and K.R.

17.    On or around March 22, 2017, and at all times material, Bradley Nitzsche, M.D. ("Dr. Nitzsche") was a physician licensed to practice medicine in the State of Illinois.

3

18.     On or around March 22, 2017, and at all times material, Dr. Nitzsche held himself out to Shreze Johnson and the general public to be a specialist in obstetrics.

19.     On or around March 22, 2017, and at all times material, Dr. Nitzsche was the resident physician responsible for managing the labor of Shreze Johnson and delivery of K.R.

20.     On or around March 22, 2017, and at all times material, Dr. Nitzsche was an employee and agent of OSF, and treating patients at Saint Francis Medical Center.

21.     On or around March 22, 2017, and at all times material, Dr. Nitzsche was an employee and agent of OSF acting within the scope of his employment during the labor of Shreze Johnson and delivery of K.R.

22.     On or around March 22, 2017, and at all times material, Dr. Nitzsche was an apparent agent of OSF.

23.     On or around March 22, 2017, and at all times material, Michael Leonardi, M.D. ("Dr. Leonardi") was a physician licensed to practice medicine in the State of Illinois.

24.     On or around March 22, 2017, and at all times material, Dr. Leonardi held himself out to Shreze Johnson and the general public to be a specialist in obstetrics.

25.     On or around March 22, 2017, and at all times material, Dr. Leonardi was the attending physician responsible for managing the labor of Shreze Johnson and delivery of K.R.

26.     On or around March 22, 2017, and at all times material, Dr. Leonardi was an employee and agent of OSF, and treating patients at Saint Francis Medical Center.

4

27.     On or around March 22, 2017, and at all times material, Dr. Leonardi was an employee and agent of OSF acting within the scope of his employment during the labor of Shreze Johnson and delivery of K.R.

28.     On or around March 22, 2017, and at all times material, Dr. Leonardi was an apparent agent of OSF.

29.     On or around March 22, 2017, and at all times material, Douglas C. Harrington, M.D. ("Dr. Harrington") was a physician licensed to practice medicine in the State of Illinois.

30.     On or around March 22, 2017, and at all times material, Dr. Harrington held himself out to Shreze Johnson and the general public to be a specialist in obstetrics.

31.     On or around March 22, 2017, and at all times material, Dr. Harrington was one of the physicians responsible for managing the labor of Shreze Johnson and delivery of K.R.

32.     On or around March 22, 2017, and at all times material, Dr. Harrington was an employee and agent of OSF, and treating patients at Saint Francis Medical Center.

33.     On or around March 22, 2017, and at all times material, Dr. Harrington was an employee and agent of OSF acting within the scope of his employment during the labor of Shreze Johnson and delivery of K.R.

34.     On or around March 22, 2017, and at all times material, Dr. Harrington was an apparent agent of OSF.

35.     On or around March 22, 2017, and at all times material, Dr. Harrington was employed by Harrington Corporation, and treating patients at Saint Francis Medical Center.

36.    On or around March 22, 2017, and at all times material, Dr. Harrington was an employee or agent of Harrington Corporation, acting within the scope of his employment during the labor of Shreze Johnson and delivery of  K.R.

37.    On or around March 22, 2017, and at all times material, Anthony J. Caruso, M.D. ("Dr. Caruso") was a physician licensed to practice medicine in the State of Illinois.

38.    On or around March 22, 2017, and at all times material, Dr. Caruso held himself out to Shreze Johnson and the general public to be a specialist in obstetrics.

39.    On or around March 22, 2017, and at all times material, Dr. Caruso was one of the physician responsible for managing the labor of Shreze Johnson and delivery of  K.R.

40.    On or around March 22, 2017, and at all times material, Dr. Caruso was an employee and agent of OSF, and treating patients at Saint Francis Medical Center.

41.    On or around March 22, 2017, and at all times material, Dr. Caruso was an employee and agent of OSF acting within the scope of his employment during the labor of Shreze Johnson and delivery of  K.R.

42.    On or around March 22, 2017, and at all times material, Dr. Caruso was an apparent agent of OSF.

43.    On or around March 22, 2017, and at all times material, Dr. Caruso was employed by Best Care, and treating patients at Saint Francis Medical Center.

44.    On or around March 22, 2017, and at all times material, Dr. Caruso was an employee or agent of Best Care, acting within the scope of his employment during the labor of Shreze Johnson and delivery of  K.R.

45.    On or around March 22, 2017, and at all times material, Carolyn Calhoun ("Nurse Calhoun") was a certified nurse midwife licensed in the State of Illinois.

6

46.    On or around March 22, 2017, and at all times material, Nurse Calhoun held herself out to Shreze Johnson and the general public to be a specialist in midwifery.

47.    On or around March 22, 2017, and at all times material, Nurse Calhoun was the nurse midwife responsible for managing the labor of Shreze Johnson and delivery of K.R.

48.    On or around March 22, 2017, and at all times material, Nurse Calhoun was an employee and agent of OSF, and working on the labor and delivery floor at Saint Francis Medical Center.

49.    On or around March 22, 2017, and at all times material, Nurse Calhoun was an employee and agent of OSF acting within the scope of her employment during the labor of Shreze Johnson and delivery of K.R.

50.    On or around March 22, 2017, and at all times material, Nurse Calhoun was an apparent agent of OSF.

51.    On or around March 22, 2017, and at all times material, Nurse Calhoun was employed by Heartland, and treating patients at Saint Francis Medical Center.

52.    On or around March 22, 2017, and at all times material, Nurse Calhoun was an employee or agent of Heartland, acting within the scope of her employment during the labor of Shreze Johnson and delivery of K.R.

53.    On or around March 22, 2017, the fetal monitor strip monitoring the heart rate of K.R. became non-reassuring.

54.    On or around March 22, 2017, the fetal monitor strip demonstrated K.R.'s fetal heart race tracing progressed to a Category III tracing.

55.     On March 22, 2017, the decision was made to proceed with a vacuum-assisted delivery.

56.     On March 22, 2017, at the time the decision was made to proceed with a vacuum-assisted delivery, K.R. was in the Occiput Posterior ("OP") position.

57.     On March 22, 2017, Drs. Nitzsche, Leonardi, Harrington, and Caruso, and Nurse Calhoun, assessed K.R. to be in the Occiput Anterior position.

58.     On March 22, 2017, Shreze Johnson did not consent to the use of a vacuum on an OP position.

59.     On March 22, 2017, Defendants did not offer Shreze Johnson the option of a Caesarian section.

60.     On March 22, 2017, Defendants encountered a shoulder dystocia in their vacuum-assisted delivery of K.R.

61.     On March 22, 2017, K.R. was delivered and taken directly to the infant warmer.

62.     On March 22, 2017, K.R. was resuscitated.

63.     On March 22, 2017, K.R. experienced subgaleal hemorrhage.

64.     On March 22, 2017, K.R. experienced hypoperfusion.

65.     On or before March 24, 2017, K.R. suffered kidney and liver damage due to the hypoperfusion secondary to the subgaleal hemorrhage.

66.     K.R. was subsequently diagnosed with cerebral palsy.

67.     On March 22, 2017, Shreze Johnson experienced hemorrhage.

## COUNT I
### (Medical Negligence)
### (Riley v. OSF, Dr. Nitzsche, M.D.)

1-67.   Plaintiff re-states, re-alleges, and incorporates by reference, paragraphs 1-67 of the General Allegations as paragraphs 1-67 of Count I.

68.   While providing obstetrical services to Shreze Johnson, Dr. Nitzsche had a duty to possess and apply the knowledge, skill, and care of a reasonably careful obstetrician under the same or similar circumstances.

69.   Dr. Nitzsche, individually and as an agent, apparent agent and/or employee of OSF, breached his duty and was negligent in treating Shreze Johnson and   K.R.   in one or more of the following respects:

   a.   Failed to appropriately respond to non-reassuring fetal monitor strips;

   b.   Failed to identify the OP position of the baby;

   c.   Improperly used a vacuum-assisted method of delivery on a baby in an OP position;

   d.   Failed to place the vacuum in the proper position on the baby's head;

   e.   Failed to properly assess the fetal position prior to placing the vacuum;

   f.   Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the OP position; and,

   g.   Failed to perform a cesarean section.

70.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Nitzsche, individually, and as an agent, apparent agent and/or employee of OSF,   K.R.   sustained injuries of a personal and pecuniary nature.

71.   Attached as Exhibit A are an affidavit and report in compliance with 735 ILCS 5/2-622.

9

WHEREFORE, the Plaintiffs,  K.R.,                a Minor, by and through Her Mother and Next Friend, SHREZE JOHNSON, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, and BRADLEY NITZSCHE, M.D., individually, in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT II
**(Family Expense Act)**
**(Johnson v. OSF, Dr. Nitzsche)**

1-71.    Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count I as paragraphs 1-71 of Count II.

72.    Shreze Johnson is   K.R.        's lawful parent and legal guardian, and as such, has become liable for substantial pecuniary amounts arising out of    K.R.        s injuries.

73.    The recovery of the aforementioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, and BRADLEY NITZSCHE, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT III
**(Medical Negligence)**
**(Johnson v. OSF, Dr. Nitzsche)**

1-71.    Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count I as paragraphs 1-71 of Count III.

72.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Nitzsche, individually, and as an agent, apparent agent and/or employee of OSF, Shreze Johnson sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, and BRADLEY NITZSCHE, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT IV
#### (Medical Negligence)
#### (Riley v. OSF, Dr. Leonardi)

1-67.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-67 of the General Allegations as paragraphs 1-67 of Count IV.

68.     While providing obstetrical services to Shreze Johnson, Dr. Leonardi had a duty to possess and apply the knowledge, skill, and care of a reasonably careful obstetrician under the same or similar circumstances.

69.     Dr. Leonardi, individually and as an agent, apparent agent and/or employee of OSF, breached his duty and was negligent in treating Shreze Johnson and  K.R.     in one or more of the following respects:

a.  Failed to appropriately respond to non-reassuring fetal monitor strips;

b.  Failed to identify the occiput posterior ("OP") position of the baby;

c.  Improperly used a vacuum-assisted method of delivery on a baby in an OP position;

d.  Failed to recommend the proper position for placement of the vacuum on the baby's head;

e.  Failed to intervene when the vacuum was placed in an improper position on the baby's head;

f.   Failed to properly assess the fetal position prior to allowing the placement of the vacuum;

g.   Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the OP position; and,

h.   Failed to perform a cesarean section.

70.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Leonardi, individually, and as an agent, apparent agent and/or employee of OSF, K.R. sustained injuries of a personal and pecuniary nature.

71.   Attached as Exhibit A are an affidavit and report in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, K.R., a Minor, by and through Her Mother and Next Friend, SHREZE JOHNSON, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, and MICHAEL LEONARDI, M.D., individually, in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT V
### (Family Expense Act)
### (Johnson v. OSF, Dr. Leonardi)

1-71.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count IV as paragraphs 1-71 of Count V.

72.   Shreze Johnson is K.R. s lawful parent and legal guardian, and as such, has become liable for substantial pecuniary amounts arising out of K.R. 's injuries.

73.   ·The recovery of the aforementioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, and MICHAEL LEONARDI, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT VI
### (Medical Negligence)
### (Johnson v. OSF, Dr. Leonardi)

1-71.    Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count IV as paragraphs 1-71 of Count VI.

72.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Leonardi, individually, and as an agent, apparent agent and/or employee of OSF, Shreze Johnson sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, and MICHAEL LEONARDI, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT VII
### (Medical Negligence)
### (Riley v. OSF, Harrington Corp., Dr. Harrington)

1-67.    Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-67 of the General Allegations as paragraphs 1-67 of Count VII.

68.    While providing obstetrical services to Shreze Johnson, Dr. Harrington had a duty to possess and apply the knowledge, skill, and care of a reasonably careful obstetrician under the same or similar circumstances.

69.     Dr. Harrington, individually and as an agent, apparent agent and/or employee of OSF and Harrington Corporation, breached his duty and was negligent in treating Shreze Johnson and   K.R.            in one or more of the following respects:

    a.  Failed to appropriately respond to non-reassuring fetal monitor strips;

    b.  Failed to identify the occiput posterior ("OP") position of the baby;

    c.  Improperly used a vacuum-assisted method of delivery on a baby in an OP position;

    d.  Failed to recommend the proper position for placement of the vacuum on the baby's head;

    e.  Failed to intervene when the vacuum was placed in an improper position on the baby's head;

    f.  Failed to properly assess the fetal position prior to allowing the placement of the vacuum;

    g.  Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the OP position; and,

    h.  Failed to perform a cesarean section.

70.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Harrington, individually, and as an agent, apparent agent and/or employee of OSF and Harrington Corporation, K.R.            sustained injuries of a personal and pecuniary nature.

71.     Attached as Exhibit A are an affidavit and report in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, K.R.,            , a Minor, by and through Her Mother and Next Friend, SHREZE JOHNSON, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, DOUGLAS C. HARRINGTON, M.D., S.C., an Illinois Corporation, and DOUGLAS

C. HARRINGTON, M.D., individually, in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT VIII
### (Family Expense Act)
### (Johnson v. OSF, Harrington Corp., Dr. Harrington)

1-71.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count VII as paragraph 1-71 of Count VIII.

72.   Shreze Johnson is   K.R.   's lawful parent and legal guardian, and such, has become liable for substantial pecuniary amounts arising out of   K.R.   's injuries.

73.   The recovery of the aforementioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, DOUGLAS C. HARRINGTON, M.D., S.C., an Illinois Corporation, and DOUGLAS C. HARRINGTON, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT IX
### (Medical Negligence)
### (Johnson v. OSF, Harrington Corp., Dr. Harrington)

1-71.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count VII as paragraphs 1-71 of Count IX.

72.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Harrington, individually, and as an agent, apparent agent and/or employee of OSF and Harrington Corporation, Shreze Johnson sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, DOUGLAS C. HARRINGTON, M.D., S.C., and DOUGLAS C. HARRINGTON, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT X
### (Medical Negligence)
### (Riley v. OSF, Best Care, Dr. Caruso)

1-67.    Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-67 of the General Allegations as paragraphs 1-67 of Count X.

68.    While providing obstetrical services to Shreze Johnson, Dr. Caruso had a duty to possess and apply the knowledge, skill, and care of a reasonably careful obstetrician under the same or similar circumstances.

69.    Dr. Caruso, individually and as an agent, apparent agent and/or employee of OSF and Best Care, breached his duty and was negligent in treating Shreze Johnson and in one or more of the following respects:

  a.  Failed to appropriately respond to non-reassuring fetal monitor strips;

  b.  Failed to identify the occiput posterior ("OP") position of the baby;

  c.  Improperly used a vacuum-assisted method of delivery on a baby in an OP position;

  d.  Failed to recommend the proper position for placement of the vacuum on the baby's head;

  e.  Failed to intervene when the vacuum was placed in an improper position on the baby's head;

  f.  Failed to properly assess the fetal position prior to allowing the placement of the vacuum;

g.  Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the OP position; and,

h.  Failed to perform a cesarean section.

70.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Caruso, individually, and as an agent, apparent agent and/or employee of OSF and Best Care, **K.R.** sustained injuries of a personal and pecuniary nature.

71.  Attached as Exhibit A are an affidavit and report in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, **K.R.,** , a Minor, by and through Her Mother and Next Friend, SHREZE JOHNSON, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, BEST CARE FOR WOMEN INC., an Illinois Corporation, and ANTHONY J. CARUSO, M.D., individually, in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT XI
#### (Family Expense Act)
#### (Johnson v. OSF, Best Care, Dr. Caruso)

1-71.  Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count X as paragraphs 1-71 of Count XI.

72.  Shreze Johnson is **K.R.'** s lawful parent and legal guardian, and such, has become liable for substantial pecuniary amounts arising out of **K.R.** 's injuries.

73.  The recovery of the aforementioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT

FRANCIS MEDICAL CENTER, BEST CARE FOR WOMEN INC., an Illinois Corporation, and ANTHONY J. CARUSO, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT XII
**(Medical Negligence)**
**(Johnson v. OSF, Best Care, Dr. Caruso)**

1-71.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count X as paragraphs 1-71 of Count XII.

72.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Caruso, individually, and as an agent, apparent agent and/or employee of OSF and Best Care, Shreze Johnson sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, BEST CARE FOR WOMEN INC., an Illinois Corporation, and ANTHONY J. CARUSO, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT XIII
**(Medical Negligence)**
**(Riley v. OSF, Heartland, Nurse Calhoun)**

1-67.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-67 of the General Allegations as paragraphs 1-67 of Count XIII.

68.   While providing nurse midwife services to Shreze Johnson, Nurse Calhoun had a duty to possess and apply the knowledge, skill, and care of a reasonably careful certified nurse midwife under the same or similar circumstances.

69.     Nurse Calhoun, individually and as an agent, apparent agent and/or employee of OSF and Heartland, breached her duty and was negligent in treating Shreze Johnson and in one or more of the following respects:

      a.   Failed to timely recommend a C-section;

      b.   Failed to appropriately respond to non-reassuring fetal monitor strips;

      c.   Failed to advocate for Shreze Johnson and K.R.            , and

      d.   Failed to institute the chain of command.

70.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Nurse Calhoun, individually, and as an agent, apparent agent and/or employee of OSF and Heartland, K.R.          sustained injuries of a personal and pecuniary nature.

71.     Attached as Exhibit A are an affidavit and report in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, K.R.,            a Minor, by and through Her Mother and Next Friend, SHREZE JOHNSON, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, HEARTLAND COMMUNITY HEALTH CLINIC, an Illinois Corporation, and CAROLYN CALHOUN, C.N.M., individually, in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT XIV
**(Family Expense Act)**
**(Johnson v. OSF, Heartland, Nurse Calhoun)**

1-71.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count XIII as paragraphs 1-71 of Count XIV.

72.     Shreze Johnson is K.R.        's lawful parent and legal guardian, and such, has become liable for substantial pecuniary amounts arising out of K.R.        's injuries.

73.     The recovery of the aforementioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, HEARTLAND COMMUNITY HEALTH CLINIC, an Illinois Corporation, and CAROLYN CALHOUN, C.N.M., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT XV
### (Medical Negligence)
### (Johnson v. OSF, Heartland, Nurse Calhoun)

1-71.   Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1-71 of the General Allegations and Count XIII as paragraph 1-71 of Count XV.

72.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Nurse Calhoun, individually, and as an agent, apparent agent and/or employee of OSF and Heartland, Shreze Johnson sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, SHREZE JOHNSON, Individually, demands judgment against Defendants, OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER, HEARTLAND COMMUNITY HEALTH CLINIC, an Illinois Corporation, and CAROLYN CALHOUN, C.N.M., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

SALVI, SCHOSTOK & PRITCHARD P.C.

S/Aaron Boeder

By:
One of the Attorneys for Plaintiffs

Matthew L. Williams (mwilliams@salvilaw.com)
Aaron D. Boeder (aboeder@salvilaw.com)
Eirene N. Salvi (esalvi@salvilaw.com)
Salvi, Schostok & Pritchard P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
312.372.1227
Firm Code: 34560

### IN THE CIRCUIT COURT OF THE
### TENTH JUDICIAL CIRCUIT PEORIA COUNTY, ILLINOIS

| | | |
|---|---|---|
| K.R.      , a Minor, by and through<br>Her Mother and Next Friend, SHREZE JOHNSON,<br>and SHREZE JOHNSON, Individually,<br><br>     Plaintiffs,<br><br>     v.<br><br>OSF HEALTHCARE SYSTEM, an Illinois<br>Corporation d/b/a SAINT FRANCIS MEDICAL<br>CENTER, BRADLEY NITZSCHE, M.D.,<br>MICHAEL LEONARDI, M.D., DOUGLAS C.<br>HARRINGTON, M.D., S.C., an Illinois Corporation,<br>DOUGLAS C. HARRINGTON, M.D., BEST CARE<br>FOR WOMEN INC., an Illinois Corporation,<br>ANTHONY J. CARUSO, M.D., HEARTLAND<br>COMMUNITY HEALTH CLINIC, an Illinois<br>Corporation, and CAROLYN CALHOUN, C.N.M.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. |

### PLAINTIFFS' 735 ILCS 5/2-622 AFFIDAVIT

I, Aaron D. Boeder, being first duly sworn, state as follows:

1.     I am one of the attorneys for the Plaintiffs.

2.     I have consulted and reviewed the facts of this case with health professionals who I reasonably believe: (i) are knowledgeable in the relevant issues involved in this particular action; (ii) practice or have practiced within the last five (5) years, or teach or have taught within the last five (5) years in the same area of health care or medicine that is at issue in this particular action and; (iii) meet the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501. The reviewing health professionals have determined in a written report, after a review of the medical records and other relevant medical materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action. The affiant has concluded on the basis of the reviewing health professionals' reviews and consultations that there is reasonable and meritorious cause for filing this action.

EXHIBIT

A

3.     The Plaintiffs have not previously voluntarily dismissed an action based upon the same or substantially the same facts, omissions or occurrences.

**FURTHER AFFIANT SAYETH NOT.**

S/Aaron Boeder

Aaron D. Boeder

SUBSCRIBED AND SWORN TO
before me _October 31_ , 2017.

NOTARY PUBLIC

OFFICIAL SEAL
MARTHA VALENCIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/03/18

Aaron D. Boeder (ARDC #6302427)
aboeder@salvilaw.com
SALVI, SCHOSTOK & PRITCHARD P.C.
22 W. Washington, Suite 1600
Chicago, Illinois 60602
(312) 327-1227
Atty.No.: 34560

## CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
## PURSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in all of its branches in the State of New York. I am board certified in obstetrics and gynecology. I have been in practice for over twenty-five years. I am qualified and familiar with the appropriate standard of care for the issues in this case, and I am familiar with the methods, procedures and treatments relevant to the allegations at issue in this case.

I have reviewed in detail the records, facts, and other relevant materials pertaining to the medical care and treatment provided to Shreze Johnson and K.R.          , including but not limited to the medical records from OSF St. Francis Medical Center.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty, that a meritorious basis for filing an action exists against Dr. Bradley Nitzsche, Dr. Michael Leonardi, Dr. Douglas C. Harrington, Dr. Anthony J. Caruso, and nurse midwife, Carolyn Calhoun.

**Dr. Bradley Nitzsche deviated from the standard of care as follows:**

    (a)    Failed to appropriately respond to non-reassuring fetal monitor strips;
    (b)    Failed to identify the occiput posterior position of K.R.          ;
    (c)    Improperly used a vacuum-assisted method of delivery on K.R.          while she was in the occiput posterior position;
    (d)    Failed to place the vacuum in the proper position on K.R.          s head;
    (e)    Failed to properly assess the fetal position prior to placing the vacuum;
    (f)    Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the occiput posterior position; and K.R.
    (g)    Failed to perform a Cesarean section.

**Dr. Michael Leonardi deviated from the standard of care as follows:**

    (a)    Failed to appropriately respond to non-reassuring fetal monitor strips;
    (b)    Failed to identify the occiput posterior position of K.R. ;
    (c)    Improperly used a vacuum-assisted method of delivery of K.R.          while she was in the occiput posterior position;
    (d)    Failed to recommend the proper placement of the vacuum on K.R.          's head;
    (e)    Failed to intervene when the vacuum was placed in an improper position on K.R.     s head;
    (f)    Failed to properly assess the fetal position prior to allowing the placement of the vacuum;
    (g)    Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the occiput posterior position; and
    (h)    Failed to perform a Cesarean section.

**Dr. Douglas C. Harrington deviated from the standard of care as follows:**

    (a)    Failed to appropriately respond to non-reassuring fetal monitor strips;

    (b)    Failed to identify the occiput posterior position of K.R.

    (c)    Improperly used a vacuum-assisted method of delivery on K.R. while she was in the occiput posterior position;

    (d)    Failed to recommend the proper position for placement of the vacuum on K.R. 's head;

    (e)    Failed to intervene when the vacuum was placed in an improper position on K.R.' s head;

    (f)    Failed to properly assess the fetal position prior to allowing the placement of the vacuum;

    (g)    Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the occiput posterior position; and

    (h)    Failed to perform a Cesarean section.

**Dr. Anthony J. Caruso deviated from the standard of care as follows:**

    (a)    Failed to appropriately respond to non-reassuring fetal monitor strips;

    (b)    Failed to identify the occiput posterior position of K.R.

    (c)    Improperly used a vacuum-assisted method of delivery on K.R. while she was in the occiput posterior position;

    (d)    Failed to recommend the proper position for placement of the vacuum on K.R.'s head;

    (e)    Failed to intervene when the vacuum was placed in an improper position on K.R. 's head;

    (f)    Failed to properly assess the fetal position prior to allowing the placement of the vacuum;

    (g)    Failed to inform Shreze Johnson of the risks associated with the use of a vacuum in the delivery of a baby in the occiput posterior position; and

    (h)    Failed to perform a Cesarean section.

**Nurse Carolyn Calhoun deviated from the standard of care as follows:**

    (a) Failed to timely recommend a Cesarean section;

    (b) Failed to appropriately respond to non-reassuring fetal monitor strips;

    (c) Failed to advocate for Shreze Johnson and K.R. ; and

    (d) Failed to institute the chain of command.

In sum, it is my opinion that the above-referenced deviations in the standard of care each individually caused, or contributed to cause, injuries to K.R. including but not limited to subgaleal hemorrhage, kidney damage, and liver damage. Furthermore, it is my opinion that the above-referenced deviations in the standard of care each individually cause, or contributed to cause injuries to Shreze Johnson, including but not limited to, hemorrhage.